# In the United States Court of Federal Claims

No. 19-1752

(Filed: July 16, 2021)

**NOT FOR PUBLICATION**

```
***************************************
THE CENTECH GROUP, INC.,              *
                                      *
              Plaintiff,              *
                                      *
       v.                             *    Motion to Compel; Reasonable
                                      *    Expenses; RCFC 37.
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
***************************************
```

*Kenneth A. Martin*, McLean, VA, counsel for Plaintiff; *James Fontana* and *James D'Agostino*, Tysons, VA, of counsel.

*Amanda L. Tantum*, U.S. Department of Justice, Civil Division, Washington, DC, and *Michael J. Farr*, U.S. Air Force, of counsel, counsel for Defendant.

## ORDER AND OPINION

**DIETZ, Judge.**

      In this breach of contract case, The CENTECH Group, Inc. ("CENTECH") filed a motion to compel pursuant to Rule 37(a)(1) of the Rules of the Court of Federal Claims ("RCFC") requesting that the Court overrule the government's relevance and proportionality objections and order the government to produce unobjected-to documents and supplement incomplete responses. CENTECH also requested the Court award its expenses and attorney's fees. For the reasons below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion to compel. The Court also **DENIES** the request for expenses and attorney's fees.

**I.    BACKGROUND**

      CENTECH entered into a contract with the United States Department of the Air Force ("USAF") to design, acquire, and install communication infrastructure in connection with the renovation of a building on Vandenberg Air Force Base. Am. Compl. ¶ 4, ECF No. 8. The USAF was required under the contract to reimburse CENTECH for materials procured for the project. *Id.* ¶ 5. CENTECH subcontracted a portion of the work, including the purchase of certain materials, to Iron Bow Technologies, LLC ("Iron Bow"). *Id.* ¶ 8. The materials to be purchased by Iron Bow were identified in a Bill of Materials ("BOM"), which CENTECH alleges was approved by the USAF. *Id.* ¶¶ 10-12. Once approved, Iron Bow issued a purchase order for the

materials to its supplier, Communications Supply Corporation ("CSC"). *Id.* ¶ 15. However, before CENTECH could complete delivery of the materials, the USAF cancelled the order and stopped delivery. *Id.* ¶¶ 22-23. The USAF stated that the materials did not meet contract requirements and advised CENTECH that it would not reimburse CENTECH for the cost of the undelivered materials. *Id.* ¶¶ 24-25, 28. As a result, CENTECH did not pay Iron Bow, and Iron Bow did not pay CSC. *Id.* ¶¶ 32-33.

CSC subsequently filed a lawsuit against Iron Bow for non-payment. *Id.* ¶ 33; *see Communications Supply Corp. v. Iron Bow Technologies, LLC*, Civil Action No. 2:18-cv-10374-CB (W.D. Pa.) [hereinafter *CSC v. Iron Bow*]. The immediate discovery dispute relates to a sponsored claim filed by CENTECH on behalf of Iron Bow against the USAF alleging breach of contract and seeking damages arising from cancellation of the materials order. *Id.* ¶ 50.

At the suggestion of the Court, the parties proposed to conduct limited discovery only—pending resolution of *CSC v. Iron Bow*—to reduce the burdens on each party. Joint Status Report at 1, August 10, 2020, ECF No. 26. The Court subsequently issued an order permitting the parties to conduct limited written discovery on seven issues and restricting the number of interrogatories and requests for production allowed. ECF No. 28 [hereinafter Limited Discovery Order].

On September 1, 2020, CENTECH served its first request for production ("RFP"), which consisted of nine document requests. Pl.'s Mot. to Compel Ex. 1 [hereinafter Pl.'s Mot.], ECF No. 32. The government responded—thirty days later—on October 1, 2020. Def.'s Resp. to Pl.'s Mot. to Compel App. 8-19 [hereinafter Def.'s Resp.], ECF No. 36. In its response, the government agreed to produce documents responsive to RFP Nos. 1, 2, 3, 4, 5, 6 (partial), 8, and 9. *Id.* at 2. The government, however, refused to produce documents—on relevancy and proportionality grounds—in response to portions of RFP No. 6 and all of RFP No. 7. *Id.*; Pl.'s Mot. Ex. 2. RFP No. 6 requested all documents and communications concerning the government's review and approval of the labor for the project, and RFP No. 7 requested all documents and communications regarding the budget and funding for the project. Pl.'s Mot. Ex. 1 at 5; Def.'s Resp. App. 5. The government argued that RFP No. 6 was "non-proportional to the extent that it requests documents or communications related to labor performed - following CENTECH's replacement of Iron Bow" and "not relevant to CENTECH's claim that the Air Force breached its contractual obligations[;]" and that RFP No. 7 was "of questionable relevance and not proportional to the issue of whether the [g]overnment breached its contractual obligations." Def.'s Resp. at 5-10, 12-13.

CENTECH did not request a specific date for production of documents in its RFP; and, in its response, the government similarly did not provide a date on which it would produce the documents. Because the government's October 1st response did not include the requested documents, CENTECH emailed the government on October 2, 2020, inquiring "when [the government] w[ould] be making the documents production." Pl.'s Mot. at 3. The government did not respond. *Id.* CENTECH and Iron Bow made additional unsuccessful attempts—on October 5, 8, 13, and 15—to contact the government via telephone and email to discuss a production

schedule. *Id.* With no response, CENTECH sent its first deficiency letter to the government on October 15, 2020. Pl.'s Mot. at 3; Pl.'s Mot. Ex. 3.

That same day, the government sent an email to CENTECH advising that a protective order was needed before the government would produce certain documents. Pl.'s Mot. at 4. CENTECH states that this "was the first time . . . that counsel for [the government] raised the need for a protective order." *Id*. On October 26, 2020—prior to filing the protective order—the government produced twenty-six documents in connection with RFP No. 3, which CENTECH argues was "clearly" inadequate in size and scope. *Id.* During a subsequent phone call between CENTECH and the government, the government confirmed it had additional documents to produce—including documents relating to RFP No. 3—but the government reasserted that such documents would be produced only after a protective order was entered by the Court. *Id.* at 5. The government filed its Joint Motion for Protective Order on October 30, 2020, and the Court adopted the protective order shortly thereafter. *See* Joint Mot. for Protective Order, ECF No. 30; Protective Order, ECF No. 31.

Because the government stated that it expected to "produce documents within three or four days of the protective order being entered," CENTECH emailed the government on November 5, 2020 stating that CENTECH expected the remainder of the production that day. Pl.'s Mot. at 5. When the government did not respond, CENTECH sent its second deficiency letter on November 10, 2020. *Id.*; Pl.'s Mot. Ex. 4. This letter also challenged the government's objections raised regarding RFP Nos. 6 and 7. Pl.'s Mot. Ex. 4.

On November 17, 2020, the government responded to CENTECH's second deficiency letter with its own letter. Pl.'s Mot. Ex. 5; Def.'s Resp. App. 25-29. In its letter, the government noted "the discovery period in this matter currently has no deadline," as the "Court's order makes clear that discovery will not close on any particular date[.]" Pl.'s Mot. Ex. 5 at 1; Def.'s Resp. App. 25. The government further stated that since "CENTECH's first set of requests for production did not specify a time for inspection of responsive documents . . . there was no deadline for production of documents." Pl.'s Mot. Ex. 5 at 2; Def.'s Resp. App. 26. The government, *inter alia*, renewed its objection to RFP Nos. 6 and 7 and further explained that "the agency requires time to search for responsive documents" and the "Department of Justice also requires time for review of such documents[,]" so the process for production "ha[d] required more time than . . . anticipated[.]" Pl.'s Mot. Ex. 5 at 1-2; Def.'s Resp. App. 25-26.

CENTECH "made several additional attempts to resolve the outstanding disputes with counsel for Defendant[,]" including asking for "a date certain by which all responsive documents would be produced." Pl.'s Mot. at 6. The government would not agree to such a date. *Id*. The government subsequently produced 138 documents on December 5, 2020; however, the government still did not confirm that its production was complete or provide a date certain for full production. *Id.* Unsatisfied with the government's response, CENTECH filed its motion to compel on December 8, 2020. *Id.*

In its motion, CENTECH requests that the Court overrule the government's objections to RFP Nos. 6 and 7 and order the government to produce unobjected-to documents by a date

3

certain and supplement incomplete production. Pl.'s Mot. at 1. CENTECH argues that the government "has resorted to a 'drip drip' approach in providing piecemeal and incomplete production of documents" and further asserts that the Court should not tolerate the government's "flouting the Rules and failure to provide complete discovery of all unobjected to document requests on a timely basis." *Id.* at 7.

After this matter was transferred to the undersigned Judge, the Court held a telephonic status conference to discuss the status of discovery, *see* Status Conference Order, Jan. 29, 2021, ECF No. 40, followed by a discovery hearing to discuss CENTECH's motion to compel and outstanding discovery matters. Disc. Hr'g Tr. [hereinafter Hr'g Tr.], May 11, 2021, ECF No. 51. At the hearing, the Court stated that the government's objections to RFP Nos. 6 and 7 were reasonable. Hr'g Tr. 45:3-10; *see* Hr'g Tr. 59:10-13. The Court also expressed that RFP Nos. 6 and 7, as currently written, were broad and not appropriately tailored to identify the information that CENTECH needs to develop its case. Hr'g Tr. 45-46. The Court acknowledged that the government's actions after Iron Bow was replaced "may or may not be admissible" and "may or may not be useful as it relates to proving a breach of contract[.]" Hr'g Tr. 50:19-20; *see* Hr'g Tr. 54:22-24. Nevertheless, the Court found that this information could help CENTECH develop its case or lead to other discoverable information. *See* Hr'g Tr. 50:20-22. For this reason, the Court instructed: "[T]his information, when appropriately scoped, is relevant and discoverable, while not necessarily admissible in a breach of contract case, and that it just requires the parties to work together to fine tune those two requests in a way that satisfies [CENTECH's] needs[.]"[1] Hr'g Tr. 59:1-22.

The Court concluded the hearing by explaining that this discovery dispute seems to be more of an issue with the government's lack of communication, not failure to comply with the discovery rules. Hr'g Tr. 61:5-8. The Court directed the parties to put together a discovery schedule that expands limited discovery under the Limited Discovery Order to full discovery and also covers document production in response to RFP Nos. 6 and 7 as "appropriately scoped so that it does not overly burden the government." Hr'g Tr. 61:8-14. Once in receipt of the proposed schedule and agreed approach on RFP Nos. 6 and 7, the Court instructed that it would determine how to deal with the outstanding motion to compel, including the request for expenses. Hr'g Tr. 61-62, 66:16-19.

On June 4, 2021, the parties filed a joint status report. *See* Joint Status Report, ECF No. 54. The status report stated that the parties had "agreed upon . . . [an] approach for production of documents related to RFP Nos. 6 and 7 – taking into account the Court's conclusions related to [the government's] objections as articulated during the [discovery hearing]." *Id.* at 2. With respect to the unobjected-to documents, the status report established that the government "believes it can produce all responsive documents by August 17, 2021." *Id.* at 3. The parties

---

[1] Relevant information "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see generally Herrmann v. United States*, 127 Fed. Cl. 22, 33 (2016) ("As a general rule, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

proposed a full discovery schedule with dates, which was adopted by the Court, *see* Scheduling Order, June 14, 2021, ECF No. 55. While expressing appreciation for the government's cooperation to resolve the discovery issues, CENTECH stated that "recent efforts do not erase [the government's] prior actions" and renewed its request for reimbursement of expenses and attorney's fees. *Id.* at 4.

## II. LEGAL STANDARD

RCFC 37 provides that "a party may move for an order compelling disclosure or discovery." RCFC 37(a)(1). This Rule is "designed to encourage or secure compliance with the discovery rules, not to reward a party prevailing on a motion to compel." *Council for Tribal Employment Rights v. United States*, 110 Fed. Cl. 244, 248 (2013). In acting on a motion to compel, the court exercises broad discretion, guided by the court's rules. *New Orleans Reg'l Physician Hosp. Org., Inc. v. United States*, 122 Fed. Cl. 807, 820 (2015); *see Schism v. United States*, 316 F.3d 1259, 1300 (Fed. Cir. 2002) (en banc).

Pursuant to RCFC 37(a)(5), a prevailing party in a motion to compel may be entitled to reasonable expenses. RCFC 37(a)(5)(C), the applicable provision here, provides the Court with considerable discretion to apportion fees when a motion to compel is granted in part and denied in part. In such a scenario, this Rule provides that the Court "*may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." RCFC 37(a)(5)(C) (emphasis added). The Court has broad discretion to determine which party, if any, should bear the reasonable expenses of preparing the underlying motion. *Confidential Informant 59-05071 v. United States*, 121 Fed. Cl. 36, 49 (2015) (holding that an award of expenses under RCFC 37(a)(5)(C) is "discretionary"); *see Wilson v. Greater Las Vegas Assoc. of Realtors*, *Wilson v. Greater Las Vegas Ass'n of Realtors*, No. 214CV00362APGNJK, 2016 WL 4087272, at *1 (D. Nev. July 28, 2016);[2] *see also New Orleans Reg'l Physician Hosp. Org.*, 122 Fed. Cl. at 820. The Court may decline to apportion expenses under the Rule if it determines that such an award would not advance the ultimate resolution of the case. *Fairholme Funds, Inc. v. United States*, 132 Fed. Cl. 391, 393 (2017) (emphasis added); *see also Jicarilla Apache Nation v. United States*, 88 Fed. Cl. 1, 21 (2009) (declining to apportion expenses when neither party fully prevailed).

## III. DISCUSSION

CENTECH requests that the Court require the government to pay its reasonable expenses and attorney's fees incurred in bringing its motion to compel. Pl.'s Mot. at 12. The government argues against such an award and argues further that, if the Court grants-in-part and denies-in-part the motion to compel, the Court should not apportion expenses. Def.'s Resp. at 20. For the

---

[2] RCFC's discovery rules mirror the discovery rules set forth in the Federal Rules of Civil Procedure ("FRCP"). *See* RCFC 37 App. A ("RCFC 37 parallels the structure and content of [FRCP] 37"). The Court, therefore, refers to cases that have interpreted FRCP 37. *Allogonac Mfg. Co. v. United States*, 458 F.2d 1372 (Ct. Cl. 1972); *accord Eden Isle Marina, Inc. v. United States*, 89 Fed. Cl. 480, 492 (2009).

reasons below, the Court grants-in-part and denies-in-part the motion to compel and declines to award or apportion expenses.[3]

### A. Request to overrule the government's relevance and proportionality objections

CENTECH requests that the Court overrule the government's relevance and proportionality objections to RFP Nos. 6 and 7. Pl.'s Mot. at 1, 8-12. As detailed above, the Court rejected the government's relevance objections to RFP Nos. 6 and 7 during the May 11, 2021 discovery hearing. *See* Hr'g Tr. 45:14-24. As to proportionality, the Court instructed the parties to appropriately tailor the scope of RFP Nos. 6 and 7 because the RFPs were overly broad. *See* Status Report Order, May 12, 2021, ECF No. 49. The parties subsequently conferred and reached agreement on the appropriate scope of RFP Nos. 6 and 7. *See* Joint Status Report at 1-2, June 4, 2021. Accordingly, the Court affirms its rejection of the government's relevance objections and grants this part of CENTECH's motion to compel and denies the part of CENTECH's motion to compel that requests that the Court overrule the government's proportionality objections.

### B. Request to order the government to produce unobjected-to documents and supplement incomplete responses

CENTECH also requests that the Court order the government to produce unobjected-to documents by a date certain and supplement incomplete responses. Pl.'s Mot. at 1, 14. CENTECH's dissatisfaction with the government's timeliness of production appears to stem from its expectation that the "document production deadline" was thirty days after it served its first RFP. *See* Pl.'s Mot. at 1 n.1; Pl.'s Reply at 2, ECF No. 39. As the Court mentioned during the discovery hearing, Hr'g Tr. 60:8-25, and as the plain language of RCFC 34 states, the government has thirty days to *respond* to CENTECH's request—not thirty days to produce all responsive documents. *See* RCFC 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . ."); RCFC 34(b)(2)(B) ("The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.").

The government responded in writing to CENTECH's first RFP within thirty days and agreed to produce documents without objection in response to the majority of CENTECH's requests. *See* Def.'s Resp. App. 14-18. Thereafter, the government produced documents on October 26 and December 5, 2020. Pl.'s Mot. at 4, 6. While CENTECH may fairly criticize the government's pace and manner of production, CENTECH cannot refute that the government never refused to produce the unobjected-to documents and commenced document production before the motion to compel was filed. *See* Pl.'s Mot. at 6; Pl.'s Reply at 2 (acknowledging that the government had produced documents before the motion to compel was filed); Def.'s Resp. at 15 (prior to CENTECH's filing of its motion to compel, the government had produced 1,568

---

[3] The procedural requirement for an award of expenses has been met in this case as CENTECH certified that it made a good faith attempt to obtain the discovery prior to filing its motion to compel as required by RCFC 37(a)(1). *See* Pl.'s Mot. at 6.

pages of responsive documents). The government's production continued throughout the discovery dispute. *See* Def.'s Resp. at 19-20.

At the time of CENTECH filing the motion to compel, the parties were engaged in limited discovery pending resolution of *CSC v. Iron Bow*. The parties had not established—and the Court had not ordered—a discovery schedule. Such limited discovery was intended to reduce the burdens on both parties recognizing that the outcome of *CSC v. Iron Bow* could eliminate the need for discovery. Under these circumstances, the Court does not find it necessary to compel the government to complete production by a certain date, so this part of CENTECH's motion to compel is denied. Furthermore, as explained above, this issue has been mooted by the parties' proposed discovery schedule, which has been adopted by the Court.

CENTECH also raises concerns regarding the government's alleged incomplete production stating it "has knowledge of hundreds of responsive documents sent to and from the Defendant that are nevertheless not included within the Defendant's production[.]" *See* Pl.'s Mot. at 12. The government responds stating it is unaware of such documents, and CENTECH does not provide details for the alleged missing documents it "has knowledge of." Def.'s Resp. at 16 n.12. The government explains that it "has diligently attempted to search for, collect, process, and produce responsive documents, including requesting searches by agency employees[,]" and "CENTECH has provided no evidence that documents have been withheld." Def.'s Resp. at 15-16, 17. To the contrary, the government states that it had produced all responsive documents as provided by the agency, *see* Def.'s Resp. at 15, 19. At CENTECH's request, the government also agreed to expand the search criteria to locate additional responsive documents. *See* Joint Status Report at 5, June 4, 2021; Hr'g Tr. 13:4-6; *see also* Hr'g Tr. 23:19-21. Despite CENTECH's allegation that the government's production was deficient, the record does not demonstrate that the government failed to utilize reasonable discovery procedures, applied search criteria to avoid discovering responsive documents, or otherwise withheld responsive documents. Accordingly, the Court does not find it necessary to order the government to supplement incomplete responses, and this part of CENTECH's motion to compel is denied.

### C. *Request for payment of expenses and attorney's fees*

Because the Court grants-in-part and denies-in-part CENTECH's motion to compel, the Court must decide whether to apportion expenses. The Court has broad discretion in making this decision. While CENTECH rightfully rebukes the government's lack of responsiveness to CENTECH's communications, the Court finds that an award of expenses in this discovery dispute would be counterproductive to resolution of the case. The parties had agreed to limited discovery only and had not established a discovery schedule. This approach should not have been treated by the government as an invitation to ignore CENTECH's communications, but the government's lack of responsiveness does not, by itself, warrant an award of fees. The facts remain that the government did respond to CENTECH's requests for production by agreeing to produce documents in response to most of CENTECH's requests and produced such responsive documents. Additionally, the government's relevance and proportionality objections to RFP Nos. 6 and 7 were reasonable, and the government was justified in withholding such documents until the Court's decision.

7

## IV. CONCLUSION

For the reasons stated above, CENTECH's motion to compel is **GRANTED-IN-PART** and **DENIED-IN-PART**. CENTECH's request for attorney's fees and expenses is **DENIED**.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge