# In the United States Court of Federal Claims

No. 19-1752
(Filed: August 25, 2022)

**NOT FOR PUBLICATION**

```
*************************************
THE CENTECH GROUP, INC.,            *
                                    *
            Plaintiff,              *
                                    *     Motion for Leave to Amend Answer; RCFC
      v.                            *     15(a); Affirmative Defenses; Undue Delay;
                                    *     Prejudice; Futility.
THE UNITED STATES,                  *
                                    *
            Defendant.              *
*************************************
```

*Kenneth A. Martin*, The Martin Law Firm, PPLC, McLean, VA, counsel for Plaintiff. *James C. Fontana* and *L. James D'Agostino*, Fontana Law Group, LLC, McLean, VA, of counsel. *David Warner* and *Heather Mims*, Centre Law & Consulting, LLC, Vienna, VA, of counsel.

*Amanda L. Tantum*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant. *Michael J. Farr*, Senior Trial Attorney, Air Force Commercial Litigation Field Support Center, of counsel.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

Before the Court is the government's motion for leave to amend its answer and assert affirmative defenses pursuant to Rule 15(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC"). Because the Court finds that the government's delay in asserting the affirmative defenses does not constitute an undue delay and that granting the government's motion will not result in incurable prejudice, the government's motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff, THE CENTECH GROUP, Inc. ("CENTECH"), filed its first amended complaint on March 11, 2020, alleging breach of contract and, alternatively, constructive termination for convenience and cancellation. *See* Am. Compl., ECF No. 8. The government filed its answer on July 10, 2020. *See* Answer, ECF No. 23. In its answer, the government did not assert any affirmative defenses. *See id.* Subsequently, in the joint preliminary status report, the parties disagreed if the Court should defer proceedings until the case *Communications*

*Supply Corp. v. Iron Bow Technologies, LLC*, Civil Action No. 2:18-cv-10374-CB (W.D. Pa.) was resolved.[1] *See* Joint Prelim. Status Rep. at 2-3, ECF No. 24. After considering the parties' positions, the Court permitted the parties to conduct limited written discovery pending the resolution of the *CSC v. Iron Bow* case. *See* Aug. 26, 2020 Status Rep. Order, ECF No. 28.

The Court held a discovery hearing on May 11, 2021, during which the Court determined that the limitations on discovery should be lifted. *See* May 12, 2021 Status Rep. Order, ECF No. 49. After receiving input from the parties, the Court adopted their proposed discovery schedule. *See* June 14, 2021 Sched. Order, ECF No. 55. After receiving two motions from the government to extend the discovery schedule, which were opposed by CENTECH, the Court granted the motions and modified the schedule. *See* Jan. 12, 2022 Order, ECF No. 61; June 3, 2022 Order, ECF No. 73. Under the current schedule, fact discovery was to be completed by June 24, 2022, and expert discovery is scheduled to be completed on September 26, 2022. *See* June 3, 2022 Order. Motions for summary judgment, if any, are scheduled to be filed by October 24, 2022. *Id.*

On May 31, 2022, the government filed a motion for leave to amend its answer and assert affirmative defenses pursuant to RCFC 15(a)(2). *See* Def.'s Mot. to Amend at 1, ECF No. 71 [hereinafter Def.'s Mot.]. The government seeks to clarify its answers and to assert five[2] affirmative defenses, including failure to satisfy conditions precedent, waiver, equitable estoppel, failure to mitigate damages, and estoppel under the *Severin* doctrine. Def.'s Mot. at 4; *see also* Def.'s Mot. Ex. A at 15-18. CENTECH does not oppose the government's clarifications. Pl.'s Opp'n to Def.'s Mot to Amend at 4, ECF No. 74 [hereinafter Pl.'s Opp'n]. However, CENTECH does oppose the government's assertion of affirmative defenses on the grounds of undue delay, prejudice, and futility. Pl.'s Opp'n at 1-2, 4-7.

## II.     LEGAL STANDARDS

Under RCFC 8(c), a defendant who fails to raise an affirmative defense in its answer risks waiving that defense. *Cooke v. United States*, 79 Fed. Cl. 741, 742 (2007); *see Shell Oil Co. v. United States*, 896 F.3d 1299, 1315 (Fed. Cir. 2018); *Crocker v. United States*, 127 F. Supp. 568, 573 (Ct. Cl. 1955). But a failure to plead an affirmative defense does not automatically extinguish the defense. *Al-Kurdi v. United States*, 25 Cl. Ct. 599, 604 (1992) (citing *Cities Serv. Helex, Inc. v. United States*, 543 F.2d 1306, 1313 (Ct. Cl. 1976)). "When a party fails to plead an affirmative defense, it may cure the defect by moving to amend its pleading under RCFC 15(a)." *Cooke*, 79 Fed. Cl. at 742. RCFC 15(a)(2) states that "the court should freely give leave [to amend pleadings] when justice so requires." This rule is liberally construed, and courts generally grant leave to amend unless there is an "apparent or declared reason" not to permit the amendment, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[1] This case involved a dispute in the United States District Court for the Western District of Pennsylvania between CENTECH's subcontractor, Iron Bow Technologies, LLC ("Iron Bow"), and Iron Bow's supplier, Communications Supply Corp. ("CSC"). *See* Joint Prelim. Status Rep. at 2-3, ECF No. 24.

[2] The government initially sought to assert seven affirmative defenses but withdrew two of them in its reply. *See* Def.'s Reply at 1 n.1, ECF No. 77.

opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir. 2014). It is within the discretion of the trial court to grant or deny an opportunity to amend a pleading. *Foman*, 371 U.S. at 182; *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995).

### III.    DISCUSSION

CENTECH argues that "it is clear that [the government] has unduly delayed bringing this [m]otion" because the government "had knowledge of these potential affirmative defenses for over two years[] yet" it "waited to request leave to amend its [a]nswer." Pl.'s Opp'n at 5. Whether a party has unduly delayed seeking leave to file an amended pleading is subject to the discretion of the court, and viewed, on a case-by-case basis, in the context of whether the amended pleading would cause undue prejudice. *LW Constr. of Charleston, LLC v. United States*, 139 Fed. Cl. 254, 296 (2018) (citing *Alaska v. United States*, 15 Cl. Ct. 276, 280 (1988)). In some cases, "delay alone, even without a demonstration of prejudice, has been sufficient grounds to deny amendment of pleadings." *Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1262 (Fed. Cir. 1991) (denying the plaintiff's motion to amend after a "significant" delay and failure to cure within a reasonable time); *see Cencast Servs., L.P. v. United States*, 729 F.3d 1352, 1363 (Fed. Cir. 2013). However, mere delay is not enough to bar amendment of the pleadings when the non-movant has not demonstrated that it has been or will be prejudiced. *Hess v. United States*, 537 F.2d 457, 461 (Ct. Cl. 1976).

In this case, the timing of the government's motion does not constitute an undue delay that, by itself, is sufficient grounds to deny the government an opportunity to assert its affirmative defenses. The government is seeking to amend its answer for the first time at the conclusion of fact discovery. *See also Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 667 (Fed. Cir. 1986) ("The mere fact that an amendment is offered late in the case is not enough to bar it; amendments may be offered at trial, or even after reversal and remand."). The government explains the timing of its motion stating that, prior to fact discovery, it did not have sufficient evidence to include the affirmative defenses in its answer. *See* Def.'s Reply at 20, ECF No. 77. Under these circumstances, the Court finds that the timing of the government's motion does not rise to the level of an undue delay.

CENTECH also argues that it will be prejudiced if the government is allowed to amend its answer at this stage of the litigation because it will require the parties to extend discovery again or require CENTECH to forgo discovery on the newly asserted affirmative defenses. Pl.'s Opp'n at 7. "Undue prejudice may be found when an amended pleading would cause unfair surprise to the opposing party, unreasonably broaden the issues, or require additional discovery." *LW Constr.*, 139 Fed. Cl. at 279. "Mere annoyance and inconvenience . . . however, are insufficient bases to warrant a denial of a motion to amend." *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 153 (1994). The cost and burden of undertaking additional discovery do not establish the level of prejudice needed to overcome the liberal standard of RCFC 15(a)(2). *Veridyne Corp. v. United States*, 86 Fed. Cl. 668, 681 (2009). The burden to prove undue prejudice is on the non-moving party. *Id.*

The Court is not convinced that allowing the government to assert its affirmative defenses will prejudice CENTECH enough to deny the government's motion. CENTECH asserts that it will be "severely" prejudiced should the amendment be permitted, yet CENTECH fails to explain what prospective hardships it may face other than the potential for additional discovery. *See Alaska*, 15 Cl. Ct. at 280. CENTECH emphasizes that the government "has sought multiple extensions of the discovery schedule due to its untimely discovery activities[,]" and that it will "incur another round of substantial fees and costs for this litigation should this amendment be permitted." Pl.'s Opp'n at 7. While it may be fair to criticize the government's conduct during discovery in this case, the burden of undertaking additional discovery to address the affirmative defenses is not sufficient to overcome the liberal standard of RCFC 15(a)(2). *See Veridyne*, 86 Fed. Cl. at 681; *see also Alaska*, 15 Cl. Ct. at 280. Further, at this stage in this case, the Court is able to effectively mitigate any prejudice to CENTECH by enlarging the recently-expired fact discovery period and extending the deadline for filing motions for summary judgment.

Finally, the government's amendment is not futile. When assessing whether an amendment is futile, courts do not engage in an extensive analysis of the merits but instead simply decide whether the amendment is facially meritless and frivolous. *See St. Paul Fire*, 31 Fed. Cl. at 155 (citing *Alaska*, 15 Cl. Ct. at 280); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (Fed. Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). The government has provided sufficient support to demonstrate that its affirmative defenses are not facially meritless or frivolous.

Because there are no sufficient reasons to deny the government's motion for leave to amend its answer, the liberal standard of RCFC 15(a)(2) compels that it be granted. *See Senza-Gel Corp.*, 803 F.2d at 667 ("Where there is lack of prejudice to the opposing party and the amended [pleading] is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion."); *Alaska*, 15 Cl. Ct. at 280 (articulating that when the court "lacks a 'substantial reason' to deny leave, its discretion 'is not broad enough to permit denial'"). This outcome ensures that the Court will be able to facilitate a proper decision on the merits. *See Foman*, 371 U.S. at 181-82.

### IV.   CONCLUSION

Accordingly, the government's motion for leave to amend its answer and assert affirmative defenses is **GRANTED**. The government **SHALL FILE** its first amended answer by **September 2, 2022**. The parties **SHALL FILE** a joint status report by **September 9, 2022**, advising whether further discovery is needed and confirming the current schedule or proposing an amended schedule for further proceedings.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz<br>
THOMPSON M. DIETZ, Judge